STANLEY S. HARRIS, Senior District Judge,
specially concurring:
I concur in the result and in the remainder of the Court’s opinion, but write separately to express my disagreement with the majority’s treatment of alleged prosecutorial misconduct. During closing argument, the prosecutor said:
Mr. Gainey’s residence was a drug den. He had the spoons. He had the needles. He had the cut. He had the heroin around his neck, and he had the weapons. These are all tools of the drug trade. *838 Ladies and Gentlemen, we live here in South Florida and we are very familiar with it by now.
The majority takes the position that, because of defense counsel’s objection and the trial court’s curative instruction, the comment constituted harmless error.[1] Nevertheless, the majority discusses at some length its conclusion that the last sentence was “objectionable and improper.” See Op. at 835-37. I believe that this ease, in which the majority concludes that at worst there was harmless error, does not provide the appropriate vehicle for the majority’s discussion of the subject.
More importantly, however, I do not consider the challenged sentence to have been improper — even absent a cautionary instruction. Initially, it is my opinion that the majority misinterprets the prosecutor’s comment. The majority concludes that the above-quoted language somehow “draws upon widespread community fears about drugs, and implies that those fears can or should inform the process of assessing Gai-ney’s guilt,” and warns that “[a] jury cannot appropriately reason that a particular defendant is guilty based on media reports of rampant drug use coupled with the fact that the defendant is accused of a drug crime.” Op. at 836. Thus, the majority interprets the phrase “we are very familiar with it” somehow to refer in an improperly inflammatory way to the societal problem of rampant drug use.[2] However, the antecedent of the word “it” is the prior reference to the specific evidence introduced in the case — the spoons, needles, heroin, and weapons — which the prosecutor appropriately discussed in order to draw upon the jurors’ “common knowledge, observations and experiences in the affairs of life.”[3] United States v. Cruz-Valdez, 773 F.2d 1541, 1546 (11th Cir.1985) (citations omitted), cert. denied, 475 U.S. 1049, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986). As the majority observes, “jurors may use ‘common sense,’ derived from the repetitive pattern of human behavior and experiences common to all of us.” Op. at 836. The prosecutor appropriately could call upon this common knowledge (i.e., that spoons, needles, heroin, and weapons are well known as tools of the drug trade) in making her case against the possessor of those objects.
Moreover, even if the majority’s interpretation were correct, this Court has held that “ ‘[References during closing argument to the drug problems of society and defendants’ roles in such problems are not unduly prejudicial or excessively inflammatory.’ ” United States v. Delgado, 56 F.3d 1357, 1370 (11th Cir.) (quoting United States v. Zielie, 734 F.2d 1447, 1461 (11th Cir.1984), cert. denied, 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985)), cert. denied, — U.S. -, 116 S.Ct. 404, 133 L.Ed.2d 323 (1995); see also United States v. Metz, 608 F.2d 147, 158 (5th Cir.1979), cert. denied, 449 U.S. 821, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980). Accordingly, I conclude that the prosecutor’s comment, which manifestly was not improperly inflammatory, was not “inappropriate.”[4]

. The majority conveys the impression that the government concedes there was error, but contends that it was harmless. That is not the case. The government first defended the comment as "an attempt to have the jury draw on their common experience,” and then took the fall back position that in any event the trial judge did not abuse his discretion in denying the motion for a new trial because of the limiting instruction that was given. The term "harmless error” is not in the government's brief.

. The prosecutor's observation that "we live here in South Florida” is both factual and unobjectionable.

. Assuming jurors to be without backgrounds including personal drug use or dealing, much of their "personal knowledge” is likely to be media-based. There is nothing wrong with that; the vast majority of what we know is learned other than by direct personal experience.

. Assuredly I do not fault the trial judge's spur-of-the-moment decision to give a cautionary instruction, although the substance thereof was fully covered in the overall instructions to the jury. Often 'tis better to be safe than sorry, as the majority's treatment of the subject confirms.